## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

         Plaintiff,

    v.

PIETER ROOR,

         Defendant.

Case No. 4:10-cr-40049-JPG

## <u>MEMORANDUM AND ORDER</u>

**J. PHIL GILBERT, DISTRICT JUDGE**

Following his bench trial, defendant Pieter Roor filed a motion to appoint new counsel, which the Court has construed as a motion for a new trial on ineffective assistance of counsel grounds. (Doc. 139.) For the following reasons, the Court **DENIES** Roor's motion.

## I.  BACKGROUND

This is an international criminal fraud case. In February, following a three-day bench trial, the Court found Roor guilty of two counts of wire fraud and one count of conspiracy to commit wire fraud. The gist is that the Government introduced a crushing amount of evidence that Roor and his ex-wife operated ponzi schemes out of their home in the Netherlands, and many people in the United States—including in the Southern District of Illinois—fell prey to those schemes. Roor was represented by a court-appointed attorney at trial, but it is worth noting that this was Roor's third court-appointed counsel—Roor moved to fire his first attorney, and his second attorney moved to withdraw following "fissures" between himself and Roor. (*See* Docs. 76, 109.) Roor—before sentencing—now wants to fire his third attorney and generally alleges that his trial was infected by that attorney's failure to provide him with competent representation.

(*See generally* Doc. 139.) The Court appointed Roor a fourth attorney for the sole purpose of litigating this motion and held an evidentiary hearing on the matter on June 5, 2018.

## II.    LEGAL STANDARDS

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970) (emphasis added); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his counsel's performance fell below objective standards for reasonably effective representation, and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000). A defendant can bring an ineffective assistance of counsel claim in a motion for a new trial, *United States v. Taglia*, 922 F.2d 413, 417 (7th Cir. 1991), and courts in most cases must hold an evidentiary hearing on the matter. *United States v. Simpson*, 864 F.3d 830, 834 (7th Cir. 2017).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt*, 574 F.3d at 458. The Court must then consider whether, in light of all of the circumstances, counsel's performance was outside the wide range of professionally competent assistance. *Id.* The Court's review of counsel's performance must be "highly deferential . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *accord Wyatt*, 574 F.3d at 458. Counsel's performance must be evaluated keeping in mind that an attorney's

trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Strickland*, 466 U.S. at 689. The Court cannot become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable. *Jones*, 635 F.3d at 915; *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

## III.    ANALYSIS

Roor has not satisfied the *Strickland* test. In a similar vein to *Simpson*, 864 F.3d at 834, Roor argues that there are 26 witnesses that he wanted to call at his bench trial, but his attorney failed to make the appropriate arrangements—therefore meaning his attorney's performance fell below an objective standard of reasonableness. At the evidentiary hearing, Roor provided a list of these witnesses and claimed that he sent the same to his trial counsel on November 20, 2017. (Def.'s Ex. 1.) The list only contains the name of each witness, their country of origin, and their profession or relation to Roor—such as "business associate," "member," and "sister." For example, one entry reads "Michael Meyers – U.S.A. – Member." Roor said that he told his attorney to send the list to Roor's sister in the Netherlands to get more information on each witness. Roor also said that the attorney should do it soon, because people in the Netherlands go "on holidays" in the winter, so his sister may not be as readily available later on. Roor's attorney sent Roor's sister the list in early January, and nothing ever came of it.

That is not ineffective assistance of counsel. First of all, Roor provided a list of 26 people to his attorney that did not have a shred of contact information on it. Roor told his attorney to instead contact his sister about the list—which the attorney did—and the attorney cannot be faulted that Roor's family went on holiday and did not assist in Roor's defense to the degree that Roor desired. Although "[t]he Constitution does not oblige counsel to present each and every witness that is suggested to him," counsel must still "investigate the various lines of defense available in a given case." *United States v. Berg,* 714 F.3d 490, 499 (7th Cir. 2013) (citing *Wiggins v. Smith*, 539 U.S. 510, 521–23 (2003)); *see also Simpson*, 864 F.3d 830, 835. Roor's counsel did exactly that, and thus satisfied the first prong of the *Strickland* test.

But even more damaging to Roor's argument is the nature of the people on his list. Some of these proposed witnesses were business associates of Roor that may have been arrested as co-conspirators in this case upon their entry into the United States, and Roor even admitted at the evidentiary hearing that one of them "would never come to America, because he's afraid to be arrested." Another person on the list is Roor's ex-wife Heleen Roor-Potman, whom the Government indicated is not even allowed to enter the United States again because she already pled guilty to a felony in this very same case as a co-conspirator. Another group of proposed witnesses appear to be victims of Roor, and they have common names like "Michael Myers" with absolutely no contact information that would allow anyone to discern whom they are. And another group of witnesses are simply character witnesses.

As the Court noted in its findings of fact and conclusions of law, the evidence of guilt in this case was absolutely crushing. So pursuant to the second prong of the *Strickland* test, there is no chance that these proceedings would have ended differently if these witnesses appeared. Most of them—especially the co-conspirators may have been afraid to come and the victims—likely

would have *hurt* Roor's case. And the character witnesses would have had no bearing on the proceedings at all.

There is one more reason why Roor's motion fails. As the Court pointed out at the evidentiary hearing, Roor has been incredibly active and involved in litigating his case. He fired his first two attorneys, sent multiple letters to the Court (which the Court was forced to strike), and has been very vocal at nearly every hearing this Court has held. So the morning of trial, the Court explained to Roor the Seventh Circuit's recent opinion in *Freeman v. Pierce*, 878 F.3d 580 (7th Cir. 2017), which dealt generally with a criminal defendant's right under the Sixth Amendment to proceed pro se. The Court did that to ensure that Roor wanted to proceed to trial with his attorney instead of representing himself, given his tumultuous history with multiple attorneys in this case. After a short recess where Roor thought it over, the Court reconvened the hearing:

> THE COURT: We are back on the record. The Defendant, Mr. Roor, is present with counsel, [Roor's attorney]. Ms. Hudson is present in court. [Roor's attorney] or Mr. Roor, have you had a chance to discuss the issues that I discussed when we first came regarding representation?
>
> [Roor's attorney]: Yes, Your Honor, we had an opportunity to discuss those issues, and at the present time Mr. Roor has indicated to me that he would like me to stay on and to pursue this matter today.
>
> THE COURT: Is that correct, Mr. Roor?
>
> DEFT. ROOR: That's correct, Your Honor.
>
> THE COURT: So, you are knowingly and voluntarily and competently waiving your right to self-representation in this matter?
>
> DEFT. ROOR: I do, Your Honor.
>
> THE COURT: Okay. The Court's going to make a finding, a factual finding that Mr. Roor has knowingly and voluntarily and competently waived his right to self representation and will continue to have [Roor's attorney] represent him in this matter. Okay. You may be seated.

(Doc. 150, 13:16–14:12.) The bench trial then began. So when Roor waived his right to represent himself and instead decided to proceed with his court-appointed attorney, he knew that his list of 26 proposed witnesses would not be appearing that day. Yet he still wanted to proceed to trial that day with his court-appointed attorney, did not raise the issue, and did not ask the Court for more time to get any of his perceived affairs in order. It was not until after this Court found Roor guilty that he cried foul about these witnesses—after he already had a try at his case. That is called "eating your cake and having it too"; not ineffective assistance of counsel.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Roor's motion for new counsel. (Doc. 139.)

**IT IS SO ORDERED.**

**DATED:  JUNE 19, 2018**

_s/ J. Phil Gilbert_
**J. PHIL GILBERT**
**DISTRICT JUDGE**
